*E-Filed: April 20, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>            Plaintiff,<br><br>    v.<br><br>OFELIA AREGUIN; et al.,<br><br>            Defendants. | Case No.  C15-01751 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Maria Elena Cohara[1] removed this unlawful detainer action from the Monterey County Superior Court.  For the reasons stated below, the undersigned recommends that this matter be remanded to state court because subject matter jurisdiction is lacking.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be

---

[1] Because she is not a named defendant in the underlying action, Cohara's standing to remove this action is unclear.  *See* Dkt. No. 1-1.

remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Cohara fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, the complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. The complaint indicates that the amount demanded does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Inv. Grp., LLC v. Moreno, No. C14-0092 EMC, 2014 WL 523092, at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Inv. LLC v. Bracho, No. C12-02774 RMW, 2012 WL 2906762, at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over the unlawful detainer action, the removal of this case was improper. This is the third time Cohara has removed this unlawful detainer action. See Fed. Nat'l Mortg. Ass'n v. Areguin, No. C14-03248 LHK (N.D. Cal.); Fed. Nat'l Mortg. Ass'n v. Areguin, No. C15-01025 EJD (N.D. Cal.). Cohara is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Monterey County Superior

1  Court.  Any party may serve and file objections to this Report and Recommendation within
2  fourteen days after being served.  Fed. R. Civ. P. 72.
3  Dated:   April 20, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C15-01025 HRL Notice will be electronically mailed to:**

Kayo Manson-Tompkins     kayo.manson-tompkins@wolffirm.com

**C15-01025 HRL Notice will be mailed to:**

Maria Elena Cohara
348 Chardonnay Drive
Salinas, CA 93906

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4