UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OFELIA AREGUIN, et al.,<br><br>　　　　　Defendant. | Case No. C-15-01751 RMW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING CASE TO STATE COURT**<br><br>**[Re: Docket No. 3]** |

On May 29, 2014 plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint alleging an unlawful detainer claim against defendant Ofelia Areguin and several unknown Doe defendants (collectively, "defendants") in the Superior Court of California, County of Monterey. *See* Dkt. No. 1-1. Maria Elena Cohara, an interested party with unclear standing, subsequently removed the action to federal court on April 17, 2015.[1] *Id.* On April 20, 2015, the magistrate judge ordered that the case be reassigned to a district court judge. Dkt. No. 3. The magistrate also issued a report and recommendation that the court remand the action to state court for lack of subject matter jurisdiction. *Id.* The case is now before the undersigned.

---

[1] Cohara has twice before improperly removed this matter to federal court. In both cases, the action was remanded to state court. *See Fed. Nat'l Mortg. Ass'n v. Areguin*, Case No. 14-03248 (N.D. Cal., Dec. 16, 2014); *Fed. Nat'l Mortg. Ass'n v. Areguin*, Case No. 15-01025 (N.D. Cal., Mar. 24, 2015).

Having reviewed the magistrate judge's report and there being no objections filed, the court adopts the magistrate judge's report and recommendation in full.

The court does not have jurisdiction over this case. The complaint alleges a state cause of action for unlawful detainer, and states no federal claim. Nor is there diversity jurisdiction. Diversity jurisdiction requires an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). On its face, the complaint indicates that the amount demanded does not exceed $10,000. The fact that the property at issue may be worth more than $75,000 is irrelevant. *See MOAB Inv. Grp., LLC v. Moreno,* Case No. 14-0092, 2014 WL 523092, at *1 (N.D. Cal., Feb. 6, 2014); *Maxwell Real Estate Inv. LLC v. Bracho*, Case No. 12-02774, 2012 WL 2906762, at *1 (N.D. Cal., July 13, 2012). If Fannie Mae were to prevail on its claim, "liability [would] be measured by the fair rental value of the property for the time [defendants] unlawfully occupied it." *Bank United v. Peters*, No. C-1756 PJH, 2011 U.S. Dist. LEXIS 54884, at *4 (N.D. Cal. May 23, 2011).

Because the court lacks jurisdiction over plaintiff's claim, the court hereby REMANDS the case to the Monterey County Superior Court. Cohara is advised future attempts to remove this matter may result in sanctions.

Dated: June 1, 2015

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge